**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUDIANNE BROOKS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| CAVALRY SPV I, LLC and | ) | |
| NORTHLAND GROUP INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Judianne Brooks, brings this action brings this action under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that

Defendants' debt collection actions violated the FDCPA, and to recover damages for

Defendants' violations of the FDCPA, and alleges:

## <u>VENUE AND JURISDICTION</u>

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C.

1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of

Illinois.

2.      Venue in this District is proper under 28 U.S.C. § 1391(b) because

Defendants' collection demands were received here, and Defendants reside and transact

business here.

## PARTIES

3.     Plaintiff, Judianne Brooks ("Plaintiff"), is an individual and resident of Cook County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.     Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Cavalry is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. (Exhibit A, Record from the Illinois Secretary of State).  In fact, Defendant Cavalry conducts extensive and substantial business in Illinois.

6.     Defendant Cavalry is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation).  In fact, Defendant Cavalry acts as a collection agency in Illinois.

7.     Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

8.      Defendant, Northland Group Inc. ("Northland"), is a Minnesota Corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Northland operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Northland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9.      Defendant Northland is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. (Exhibit C, Record from the Illinois Secretary of State).  In fact, Defendant CPS conducts extensive and substantial business in Illinois.

10.      Defendant Northland is licensed as a debt collection agency in the State of Illinois. (Exhibit D, Record from the Illinois Division of Professional Regulation).  In fact, Defendant CPS acts as a collection agency in Illinois.

## FACTS COMMON TO ALL COUNTS

11.      Plaintiff incurred a GMAC auto loan debt for personal, family and/or household purposes, and thus Plaintiff incurred a debt ("alleged debt") as that term is understood under § 1692a(5).

12.      Due to financial difficulties, Plaintiff could not afford to pay the alleged debt, and it went into default.

13.      Cavalry purportedly purchased the alleged debt sometime thereafter.

14.     Cavalry subsequently retained, hired, or assigned the alleged debt to Northland to attempt to collect the alleged debt from Plaintiff. Upon information and belief, Northland was at all times authorized to act on behalf of Cavalry to attempt to collect the alleged debt from Plaintiff.

15.     On or about March 11, 2014, Northland conveyed information regarding the debt directly to Plaintiff by mailing a collection letter ("Letter"). (Exhibit E, Letter).

16.     The Letter included various information about the alleged debt, including an account balance, an account number, and information about the current and previous creditor. It was thus mailed in connection with the collection of the alleged debt.

17.     The alleged account balance in the Letter was not accurate.

18.     Plaintiff disputes that she owes the alleged debt sought to be collected.

19.     The Letter states it is an attempt to collect a debt.

20.     The Letter was a communication as that term is understood under § 1692a(2).

21.     The Letter included a settlement offer of $1,156.92.

22.     The letter instructed Plaintiff to make a payment in one of the following manners:

**Pay Online: www.payments2northland.com**


**Pay by Phone: Please call Northland Group, Inc. at 866-609-8108 ext 3549**
**We offer check by phone, Western Union, and credit card.**


**Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439**

23.     The Letter directed Plaintiff to Northland's payment website with the address of www.payments2northland.com ("Website").

24.     Northland, or its authorized agent or vendor, owns and maintains the Website www.payments2northland.com.

25.     The Website contains an "Account Center" where consumers must enter their "Northland Group Account ID" and a "Password" to access information about their account and make payments. (Exhibit F, Web Capture, Northland Payment Website).

26.     Plaintiff's Northland Group Account ID was listed in the Letter as her "Northland Account Number." (Exhibit E, Letter).

27.     Upon entry of the Northland Group Account ID and matching Password, the Website presents a statement titled "Mini Miranda: This is a communication from a debt collector attempting to collect a debt. Any information used will be for this purpose." (Exhibit F, Web Capture, Northland Payment Website).

28.     After pressing "Continue", the Website then presents a page titled "Account Information," which includes various information about the alleged debt including the original creditor, an account number, and a Current Balance. (Exhibit F, Web Capture, Northland Payment Website).

29.     The current balance of the alleged debt is listed as $3,856.29 as of the date of the filing of this Complaint .

30.     Northland's Website, on a page titled "Learn more About Payment Options," describes 4 possible payment options: "Pay in Full"; "Pay Discount Settlement"; "Make An Offer"; and "Make Or Schedule A Payment". (Exhibit F, Web Capture, Northland Payment Website).

31.     Plaintiff was only offered 3 of those 4 options on her Account Information page: "Pay-in-Full"; "Make An Offer", and "Make or Schedule a Payment".

32.     Plaintiff was not offered the Pay Discount Settlement option at any time between the date of her receipt of the Letter, to the date of the filing of this complaint .

33.     The page titled "Pay-In-Full" did not contain the purported settlement offer at any time between the date of her receipt of the Letter,  to the date of the filing of this complaint.  (Exhibit F, Web Capture , Northland Payment Website)

34.     The page titled "Make an Offer" did not contain the purported settlement offer at any time between the date of her receipt of the Letter, to the date of the filing of this complaint.  (Exhibit F, Web Capture,  Northland Payment Website)

35.     The page titled "Make or Schedule a Payment" did not contain the purported settlement offer at any time between the date of her receipt of the Letter, to the date of filing of this complaint.  (Exhibit F, Web Capture, Northland Payment Website)

36.     Northland's Website did not offer Plaintiff the settlement of $1,156.92 communicated in Northland's letter on the date of the filing of this complaint at any time between the date the Letter was mailed, to the date of filing of this complaint.

37.     In fact, Northland's Website did not contain any settlement offer at any time between the date the Letter was mailed, to the date of filing of this complaint.

38.     15 U.S.C. §1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
* * *

**(10) The use of any false representation or deceptive means to collect or attempt to collect ay debt or to obtain information concerning a consumer.**

39.     Northland falsely claimed a settlement offer of $1,156.92 was available to be made on its Website when no such offer was available, in violation of 15 U.S.C. §§1692e and 1692e(10). Northland's omission of the settlement offer from the Website, which she was directed to by the Letter which in fact contained the settlement offer, would confuse an unsophisticated consumer as to whether the offer was available, and confused Plaintiff in this case.

40.     15 U.S.C. §1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

41.     Northland unfairly and unconscionably induced Plaintiff to go to its payment Website with a settlement offer for $1,156.92, and then failed to provide the offer on its website, and tried to collect a higher amount on its website, in violation of 15 U.S.C. § 1692f.

42.     As a debt collector, Cavalry may be held vicariously liable for Northland's collection activity. (*See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000)).

43.     A debt collector's website is considered part of the same communication where a collection letter directs the consumer to the website and provides the necessary information to access the website. *See Berger v. Northland Grp., Inc.*, 886 F. Supp. 2d 59, 64 (D. Mass. 2012).

44.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

45.     Plaintiff re-alleges and incorporates paragraphs 1-44 into this count.

46.     Defendants made a false representation in violation of 15 U.S.C. §§1692e and 1692e(10) when it communicated a settlement offer to Plaintiff and then failed to make the offer available on the payment Website to which it directed Plaintiff.

47.     Defendants unfairly and unconscionably attempted to collect an alleged debt in violation of 15 U.S.C. §1692f when it made a settlement offer to induce Plaintiff to visit its payment Website, and tried to collect a higher amount via the Website, and thus failing to offer the reduced settlement as a payment option.

48.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff, asks that the Court enter judgment in her favor and against Defendants, CAVALRY SPV I, LLC and NORTHLAND GROUP INC.

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

C.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.